IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MILCAH "MIMI" MULUGETA, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TAS OF ATLANTA, LLC, | : | |
| ROCK-N-TACO, INC., ROCK | : | |
| AND TACO SS, LLC, PAUL | : | |
| YUWACHIT, CHRISTOPHER | : | |
| HANCOCK, and JOHN | : | |
| BRADFORD "BRAD" | : | |
| HANCOCK, | | |
| | | |
| Defendants. | | |

---

## COMPLAINT

---

Pursuant to Fed. R. Civ. P. 7, Milcah "Mimi" Mulugeta, bring this Complaint against Defendants TAS of Atlanta, LLC ("TAS"), Rock-N-Taco, Inc. ("Rock-N-Taco"), Rock and Taco SS, LLC ("Rock and Taco"), Paul Yuwachit ("Yuwachit"), Christopher Hancock ("Christopher Hancock"), and John Bradford "Brad" Hancock ("Brad Hancock") (collectively "Defendants") and show the Court as follows:

## 1.   INTRODUCTION

1.

This is an FLSA case. Defendants are Mulugeta's previous employers during the various iterations of the restaurant. Defendants paid Mulugeta only through tips. As such, Defendants failed to compensate Mulugeta at or above the FLSA minimum wage for each hour worked. In addition, Defendants failed to pay her an overtime premium when she worked more than forty hours in a given workweek.

2.

In addition to her federal causes of action, Mulugeta asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## 2.   JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Mulugeta's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the

state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because TAS of Atlanta, LLC, Rock-N-Taco, Inc. and Rock and Taco, SS, LLC   are located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**3.   THE PARTIES**

6.

Mulugeta resides in Fulton County, Georgia.

7.

Defendant TAS of Atlanta, LLC, employed Mulugeta as a bartender at Moderna Taqueria restaurant from approximately May 2015 until November 2015.

8.

Defendant TAS of Atlanta, LLC, employed Mulugeta as a bartender and then as a Manager at the Rock-N-Taco restaurant from approximately April 4, 2016 until November 12, 2016.

9.

At all times material hereto from May 2015 until November 12, 2016, Mulugeta was an "employee" of TAS of Atlanta, LLC as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

10.

At all times material hereto from May 2015 until November 12, 2016, TAS of Atlanta, LLC has been an "employer" of Mulugeta as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

Defendant Rock-n-Taco, Inc. employed Mulugeta as a bartender and then as a Manager from approximately April 4, 2016 until November 12, 2016.

12.

At all times material hereto from approximately April 4, 2016 until November 12, 2016, Mulugeta was an "employee" of Rock-n-Taco, Inc. as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

At all times material hereto from approximately April 4, 2016 until November 12, 2016, Rock-n-Taco, Inc. has been an "employer" of Mulugeta as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

Defendant Rock and Taco SS, LLC employed Mulugeta as a bartender and then as a Manager from approximately April 4, 2016 until November 12, 2016.

15.

At all times material hereto from approximately April 4, 2016 until November 12, 2016, Mulugeta was an "employee" of Rock and Taco SS, LLC as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

16.

At all times material hereto from approximately April 4, 2016 until November 12, 2016, Rock and Taco SS, LLC has been an "employer" of Mulugeta as defined in FLSA § 3(d), 29 U.S.C. §203(d).

17.

Yuwachit resides within Fulton County, Georgia.

18.

At all times material hereto, Mulugeta was an "employee" of Yuwachit as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

At all times material hereto, Yuwachit was an "employer" of Mulugeta as defined in FLSA § 3(d), 29 U.S.C. §203(d).

5

20.

Yuwachit is subject to the personal jurisdiction of this Court.

21.

Yuwachit may be served with process at his residence located at 310 Brantley

Road, Atlanta, Georgia 30350 or wherever he may be located.

22.

Christopher Hancock resides within Cherokee County, Georgia.

23.

At all times material hereto, Mulugeta was an "employee" of Christopher

Hancock as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

24.

At all times material hereto, Christopher Hancock was an "employer" of

Mulugeta as defined in FLSA § 3(d), 29 U.S.C. §203(d).

25.

Christopher Hancock is subject to the personal jurisdiction of this Court.

26.

Christopher Hancock may be served with process at his residence located at

660 Ranchwood Trail, Woodstock, Georgia 30188 or wherever he may be located.

27.

John "Brad" Hancock resides within Forsyth County, Georgia.

28.

At all times material hereto, Mulugeta was an "employee" of John "Brad" Hancock as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

29.

At all times material hereto, John "Brad" Hancock was an "employer" of Mulugeta as defined in FLSA § 3(d), 29 U.S.C. §203(d).

30.

John "Brad" Hancock is subject to the personal jurisdiction of this Court.

31.

John "Brad" Hancock may be served with process at his residence located at 515 Staghorn Court, Alpharetta, Georgia 30004 or wherever he may be located.

**A.    FLSA Individual Coverage**

32.

From on or about May 2015 until November 2015 and again from April 4, 2016 through November 12, 2016, Mulugeta was "engaged in commerce" as an

employee of TAS as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

33.

From approximately April 4, 2016 through November 12, 2016, Mulugeta was "engaged in commerce" as an employee of Rock-N-Taco as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

34.

From approximately April 4, 2016 through November 12, 2016, Mulugeta was "engaged in commerce" as an employee of Rock and Taco as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

35.

At all times relevant to this action from March 2015 until November 2015 and from approximately April 4, 2016 until November 12, 2016 ("the Relevant Time Period"), Mulugeta regularly used the channels of interstate commerce in the course of her duties for Defendants.

**B.   FLSA Enterprise Coverage**

36.

At all times during the Relevant Time Period, TAS has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in

the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. §
207(a)(1).

37.

During 2015, TAS had two or more "employees engaged in commerce" as
defined by 29 U.S.C. § 203(s)(1)(A).

38.

During 2016, TAS had two or more "employees engaged in commerce" as
defined by 29 U.S.C. § 203(s)(1)(A).

39.

During 2015, TAS had two or more "employees handling, selling or otherwise
working on goods or materials that have been moved in or produced for commerce
by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

40.

During 2016, TAS had two or more "employees handling, selling or otherwise
working on goods or materials that have been moved in or produced for commerce
by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

41.

During 2015, TAS had an annual gross volume of sales made or business done
of not less than $500,000 (exclusive of excise taxes at the retail level that are
separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

During 2016, TAS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

43.

At all times during the Relevant Time Period, Rock-N-Taco has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

44.

During 2016, Rock-N-Taco had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

45.

During 2016, Rock-N-Taco had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

46.

During 2016, Rock-N-Taco had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

47.

At all times during the Relevant Time Period, Rock and Taco has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

48.

During 2016, Rock and Taco had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

49.

During 2016, Rock and Taco had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

50.

During 2016, Rock and Taco had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

## C.     Individual Liability under the FLSA

*Yuwachit*

51.

At all times during the Relevant Time Period, Yuwachit was the CEO of TAS.

52.

During the Relevant Time Period, Yuwachit was the owner and operator of the Moderna Taqueria restaurant in which Plaintiff worked.

53.

During the Relevant Time Period, Yuwachit was an owner of the Rock-N-Taco restaurant in which Plaintiff worked.

54.

During the Relevant Time Period, Yuwachit was a Manager at the Rock-N-Taco restaurant in which Plaintiff worked.

55.

Yuwachit was involved in the day to day operation of the restaurants for which Mulugeta worked.

56.

Yuwachit exercised operational control over the work activities of Mulugeta during the Relevant Time Period.

57.

Yuwachit was invested with supervisory authority over Mulugeta during the Relevant Time Period.

58.

Yuwachit scheduled Mulugeta's working hours or supervised the scheduling of Mulugeta's working hours during the Relevant Time Period.

59.

Yuwachit exercised authority and supervision over Mulugeta's compensation during the Relevant Time Period .

***Christopher Hancock***

60.

During the Relevant Time Period, Christopher Hancock was a Manager at the Rock-N-Taco restaurant in which Plaintiff worked.

61.

At all times relevant from April 4, 2016 through November 12, 2016, Christopher Hancock exercised operational control over the work activities of Mulugeta.

62.

At all times relevant from April 4, 2016 through November 12, 2016, Christopher Hancock was involved in the day to day operation of the Rock-N-Taco restaurant for which Mulugeta worked.

63.

At all times relevant from April 4, 2016 through November 12, 2016, Rock-N-Taco vested Christopher Hancock with supervisory authority over Mulugeta.

64.

At all times relevant from April 4, 2016 through November 12, 2016, Christopher Hancock was involved in the day to day operation of the Rock-N-Taco restaurant for which Mulugeta worked.

65.

At all times relevant from April 4, 2016 through November 12, 2016, Rock-N-Taco vested Christopher Hancock with supervisory authority over Mulugeta.

66.

At all times relevant from April 4, 2016 through November 12, 2016, Christopher Hancock exercised supervisory authority over Mulugeta.

67.

At all times relevant from April 4, 2016 through November 12, 2016, Christopher Hancock scheduled Mulugeta's working hours or supervised the scheduling of Mulugeta's working hours.

68.

At all times relevant from April 4, 2016 through November 12, 2016, Christopher Hancock exercised authority and supervision over Mulugeta's compensation.

**Brad Hancock**

69.

During the Relevant Time Period, Brad Hancock was the CEO, CFO and Secretary of Rock-N-Taco, Inc.

70.

During the Relevant Time Period, Brad Hancock was an owner of the Rock-N-Taco restaurant in which Plaintiff worked.

71.

At all times relevant from April 4, 2016 through November 12, 2016, Brad Hancock exercised operational control over the work activities of Mulugeta.

72.

At all times relevant from April 4, 2016 through November 12, 2016, Brad Hancock was involved in the day to day operation of the Rock-N-Taco restaurant for which Mulugeta worked.

73.

At all times relevant from April 4, 2016 through November 12, 2016, Rock-N-Taco vested Brad Hancock with supervisory authority over Mulugeta.

74.

At all times relevant from April 4, 2016 through November 12, 2016, Brad Hancock exercised operational control over the work activities of Mulugeta.

75.

At all times relevant from April 4, 2016 through November 12, 2016, Brad Hancock was involved in the day to day operation of the Rock-N-Taco restaurant for which Mulugeta worked.

76.

At all times relevant from April 4, 2016 through November 12, 2016, Rock-N-Taco vested Brad Hancock with supervisory authority over Mulugeta.

77.

At all times relevant from April 4, 2016 through November 12, 2016, Brad Hancock was involved in the day to day operation of the Rock-N-Taco restaurant for which Mulugeta worked.

78.

At all times relevant from April 4, 2016 through November 12, 2016, Rock-N-Taco vested Brad Hancock with supervisory authority over Mulugeta.

**D.    Joint Employer Allegations as to Rock-N-Taco, Inc. and Rock and Taco SS, LLC**

79.

Rock-N-Taco, Inc. and Rock and Taco, LLC comprise a single "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

80.

At all times relevant from approximately April 4, 2016 through November 12, 2016, Rock-N-Taco, Inc. and Rock and Taco SS, LLC shared the services of Mulugeta.

81.

At all times relevant from approximately April 4, 2016 through November 12, 2016, Rock-N-Taco, Inc. and Rock and Taco SS, LLC acted directly or indirectly in the interest of each other with respect to Mulugeta.

82.

At all times relevant from approximately April 4, 2016 through November 12, 2016, Mulugeta was under the direct control of both Rock-N-Taco, Inc. and Rock and Taco SS, LLC.

83.

At all times relevant from approximately April 4, 2016 through November 12, 2016, Rock-N-Taco, Inc. and Rock and Taco SS, LLC have exercised joint control over Mulugeta in her capacity as an employee.

84.

In 2015, Rock-N-Taco, Inc. and Rock and Taco SS, LLC jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

85.

In 2016, Rock-N-Taco, Inc. and Rock and Taco SS, LLC jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

86.

At all times relevant from approximately April 4, 2016 through November 12, 2016, Rock-N-Taco, Inc. and Rock and Taco SS, LLC have been joint employers of Mulugeta within the meaning of the FLSA.

87.

At all times during the Relevant Time Period, Rock-N-Taco, Inc. and Rock and Taco SS, LLC have been joint employers of Mulugeta within the meaning of the FLSA.

**E. Joint Enterprise as to TAS of Atlanta, LLC, Rock-N-Taco, Inc., Rock and Taco SS, LLC**

88.

At all times material hereto, TAS of Atlanta, LLC, Rock-N-Taco, Inc., Rock and Taco SS, LLC performed a common business purpose.

89.

At all times material hereto, the business activities of TAS of Atlanta, LLC, Rock-N-Taco, Inc., Rock and Taco SS, LLC constitute a "unified operation".

90.

At all times material hereto, TAS of Atlanta, LLC, Rock-N-Taco, Inc., Rock and Taco SS, LLC were an integrated "enterprise" as defined by the FLSA.

19

91.

At all times material hereto, TAS of Atlanta, LLC, Rock-N-Taco, Inc., Rock and Taco SS, LLC were an joint "enterprise" as defined by the FLSA.

92.

At all times material hereto, TAS of Atlanta, LLC, Rock-N-Taco, Inc., Rock and Taco SS, LLC were an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## F.     FLSA Exemptions

93.

At all times during the Relevant Time Period, Mulugeta's primary duty did not involve the exercise of independent judgment or discretion regarding significant business decisions on behalf of Defendants.

94.

At all times during the Relevant Time Period, Mulugeta was not exempt from the FLSA minimum wage provisions.

95.

At all times during the Relevant Time Period, Mulugeta was not exempt from the FLSA maximum hours provisions by reason of any exemption.

96.

At all times during the Relevant Time Period, Defendants did not employ Mulugeta in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

97.

At all times during the Relevant Time Period, Defendants did not employ Mulugeta in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

98.

At all times during the Relevant Time Period, Defendants did not employ Mulugeta in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

99.

At all times material hereto, Defendants did not employ Mulugeta in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

100.

At all times material hereto, Mulugeta was not exempt from the FLSA minimum wage requirements by reason of any exemption.

101.

During the Relevant Time Period, Defendants required Mulugeta to comply with verbal instructions about how she was to perform her duties.

102.

During the Relevant Time Period, Defendants provided instruction to Mulugeta about how she should perform her job duties for Defendants.

103.

During the Relevant Time Period, Defendants determined the hours and schedule which they required Mulugeta to work.

104.

During the Relevant Time Period, Defendants closely supervised Mulugeta.

105.

At all times during the Relevant Time Period, Defendants were aware of the FLSA requirement that it compensate non-exempt employees at one and one-half times their regular rates for all time that it suffered or permitted them to work in excess of forty (40) hours in a workweek.

**Additional factual allegations**

106.

At all times relevant from approximately May 2015 until November 2015, Defendants TAS of Atlanta, LLC and Paul Yuwachit employed Mulugeta as a bartender at Moderna Taqueria.

107.

At all times relevant from approximately May 2015 until November 2015, Defendant TAS of Atlanta, LLC was the corporate owner of the Moderna Taqueria restaurant.

108.

At all times relevant from approximately May 2015 until November 2015, Moderna Taqueria restaurant was located at 8540 Roswell Road, Sandy Springs, Georgia.

109.

At all times relevant from approximately May 2015 until November 2015, Defendants TAS of Atlanta, LLC and Paul Yuwachit failed to pay Mulugeta any wages or compensation whatsoever.

110.

At all times relevant from approximately May 2015 until November 2015, Mulugeta's sole form of remuneration was the receipt of tips from customers.

111.

From approximately May 2015 until November 2015, Mulugeta normally worked 3-4 shifts per week.

112.

In or about late-November or early-December 2015, the Moderna Taqueria restaurant closed.

113.

Around December 2015, the "Rock-N-Taco" restaurant opened at the same location (8540 Roswell Road, Sandy Springs, Georgia).

114.

The Rock-N-Taco restaurant used the Alcoholic Beverage License obtained by Defendants TAS of Atlanta, LLC and Paul Yuwachit to serve alcoholic beverage to its patrons during the year 2016.

115.

During all times compensable from April 4, 2016 through November 2016, the accounts that the Rock-N-Taco restaurant had with beer and alcohol suppliers were under the names of TAS of Atlanta, LLC, Rock-N-Taco, and/or Rock and Taco.

116.

In April 4, 2016, Defendants hired Mulugeta as a bartender at the "Rock-N-Taco" restaurant located at 8540 Roswell Road, Sandy Springs, Georgia.

117.

During the relevant time period, Mulugeta's primary duties as a bartender included maintaining the bar area, serving Defendants' customers drinks, cleaning the bar area and restocking the bar as needed.

118.

From approximately April 4, 2016 through August 2016, Mulugeta worked as a bartender on behalf of the joint enterprise of Rock-N-Taco and Rock and Taco.

119.

From approximately April 4, 2016 through August 2016, Defendants paid Mulugeta at a rate of $2.13 per hour plus tips for her work as a bartender.

120.

From approximately April 4, 2016 through August 2016, Mulugeta was required to split her tips with a Manager if he assisted her in her duties.

121.

From approximately April 4, 2016 through August 2016, Mulugeta normally worked 3-4 shifts per week.

122.

Beginning in late August or early September 2016, Defendants changed Mulugeta's position to "Manager".

123.

Mulugeta's primary duties as a "Manager" during this time was to assist management as needed and serve customers.

124.

Mulugeta was paid $10.00 per hour for her work.

125.

Mulugeta worked 9-10 hours each day from September 2016 through November 3, 2016.

126.

Mulugeta regularly worked from 4:00 p.m. until approximately 2:00 a.m. during week days and on Sundays during this time.

127.

On Saturdays, Mulugeta worked from 4:00 p.m. until approximately 3:00 a.m. during this time.

128.

In addition, Mulugeta regularly worked at least 30 minutes after clocking out after each shift to count and reconcile the money in the cash register.

129.

Defendants compensated Mulugeta sporadically from September 2016 through end of her employment with both personal an payroll checks.

130.

From September 2016 through November 12, 2016, Defendants gave Mulugeta a total of seven (7) personal and payroll checks totaling $1,800.00.

131.

Defendants terminated Mulugeta's employment on November 12, 2016.

132.

Defendant Yuwachit advised Mulugeta to return to the Rock-N-Taco restaurant to retrieve her last pay check during the last week of November 2016.

133.

On Saturday, December 3, 2016, Defendants gave Mulugeta a check in the amount of $200.00 from a checking account belonging to Rock and Taco SS, LLC.

134.

At all times relevant, Defendants were aware of the FLSA requirement that they compensate non-exempt employees at one and one-half times their regular rates for all time that it suffered or permitted them to work in excess of forty (40) hours in a workweek.

135.

At all times relevant, Defendants failed to compensate Mulugeta at one and one-half times her regular hourly rate for all hours she worked in excess of forty (40) hours in a workweek.

27

## COUNT I

## FAILURE TO PAY MINIMUM WAGE AS TO DEFENDANTS TAS OF ATLANTA, LLC AND PAUL YUWACHIT

### 136.

The allegations in all previous paragraphs are incorporated by reference as if set out verbatim herein.

### 137.

At all times material hereto, Mulugeta has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

### 138.

At all times relevant to this action from May 2015 until November 2015, Defendants TAS and Yuwachit failed to compensate Mulugeta at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

### 139.

At all times relevant to this action from May 2015 until November 2015, Defendants TAS and Yuwachit willfully failed to compensate Mulugeta, at an hourly rate equal to or above the minimum wage as established in accordance with the FLSA.

140.

Mulugeta is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

141.

As a result of the underpayment of minimum wages as alleged above, Mulugeta is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

142.

As a result of the underpayment of minimum wages, Defendants TAS and Yuwachit are liable to Mulugeta for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY MINIMUM WAGE AS TO ALL DEFENDANTS

143.

The allegations in all previous paragraphs are incorporated by reference as if set out verbatim herein.

144.

At all times material hereto, Mulugeta has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

29

145.

At all times relevant to this action from September 2016 until November 12, 2016, Defendants failed to compensate Mulugeta at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

146.

In addition, because Mulugeta was required to split her tips in violation of the FLSA tip pooling regulations, she was not paid the required minimum wage even when she was compensated $2.13 per hour.

147.

At all times relevant to this action from September 2016 until November 12, 2016, Defendants willfully failed to compensate Mulugeta, at an hourly rate equal to or above the minimum wage as established in accordance with the FLSA.

148.

Mulugeta is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

149.

As a result of the underpayment of minimum wages as alleged above, Mulugeta is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

150.

As a result of the underpayment of minimum wages, Defendants are liable to Mulugeta for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III
### FAILURE TO PAY OVERTIME

151.

The allegations in all previous paragraphs are incorporated by reference as if set out verbatim herein.

152.

At all times material hereto, Mulugeta has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

153.

During the Relevant Time Period from September 2016 through November 12, 2016, Mulugeta regularly worked in excess of forty (40) hours each week.

154.

Defendants failed to pay Mulugeta at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 2016 through November 12, 2016.

155.

Defendants willfully failed to pay Mulugeta at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 2016 through November 12, 2016.

156.

Mulugeta is entitled to payment of due but unpaid overtime compensation in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

157.

As a result of the underpayment of overtime compensation as alleged above, Mulugeta is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

158.

As a result of the underpayment of overtime compensation as alleged above, Mulugeta is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT IV - BREACH OF CONTRACT

159.

The allegations in all previous paragraphs are incorporated by reference as if set out verbatim herein.

160.

Mulugeta, TAS, Rock-N-Taco and Rock and Taco have been parties to a contract of employment (hereafter "the Mulugeta Contract") during the three years immediately preceding this action.

161.

The Mulugeta Contract provides that , TAS, Rock-N-Taco and Rock and Taco would pay Mulugeta for work that was performed by Mulugeta on behalf of and for the benefit of Defendants.

162.

TAS, Rock-N-Taco and Rock and Taco have failed to pay Mulugeta for all work she performed from September 2016 through November 12, 2016.

163.

TAS, Rock-N-Taco and Rock and Taco's failure to pay Mulugeta for all work she performed from September 2016 through November 12, 2016 constitutes a material breach of the Mulugeta Contract.

164.

As the direct and foreseeable result of this breach, Mulugeta has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT V – QUANTUM MERUIT

165.

The allegations in all previous paragraphs are incorporated by reference as if set out verbatim herein.

166.

From September 2016 through November 12, 2016, Mulugeta served as a "Manager" on behalf of Defendants.

167.

Mulugeta's service as a "Manager" for TAS, Rock-N-Taco, and Rock and Taco as described above was valuable to TAS, Rock-N-Taco, and Rock and Taco.

168.

TAS, Rock-N-Taco, and Rock and Taco requested Mulugeta's service as a "Manager".

169.

TAS, Rock-N-Taco, and Rock and Taco knowingly accepted Mulugeta's service as a "Manager".

170.

Defendants' receipt of Mulugeta's services as a "Manager" without compensation would be unjust.

171.

Mulugeta expected to be compensated at the time she provided her services as a "Manager" to TAS, Rock-N-Taco, and Rock and Taco.

172.

Mulugeta is entitled to a recover from TAS, Rock-N-Taco, and Rock and Taco, jointly and severally, the reasonable value of the services she provided as a "Manager" for the Rock-N-Taco restaurant, in an amount to be determined at trial.

## COUNT VI - PROMISSORY ESTOPPEL

173.

The allegations in all previous paragraphs are incorporated by reference as if set out verbatim herein.

174.

TAS, Rock-N-Taco, and Rock and Taco promised to pay Mulugeta in return for Mulugeta's service as a "Manager" for them.

175.

TAS, Rock-N-Taco, and Rock and Taco should have reasonably expected that Mulugeta would induce action in reliance of said promise, *i.e.,* serve as a "Manager" for TAS, Rock-N-Taco, and Rock and Taco.

176.

TAS, Rock-N-Taco, and Rock and Taco's promise induced Mulugeta to act in reliance thereof, *i.e.,* to serve as a "Manager" for TAS, Rock-N-Taco, and Rock and Taco, to her detriment.

177.

Mulugeta's service as a "Manager" for TAS, Rock-N-Taco, and Rock and Taco conferred a benefit on TAS, Rock-N-Taco, and Rock and Taco.

178.

TAS, Rock-N-Taco, and Rock and Taco failed to pay Mulugeta in accordance with their promise.

179.

Mulugeta relied on TAS, Rock-N-Taco, and Rock and Taco promise.

180.

Mulugeta's reliance on TAS, Rock-N-Taco, and Rock and Taco's promise was reasonable.

181.

Injustice can only be avoided by enforcement of TAS, Rock-N-Taco, and Rock and Taco's promise to compensate Mulugeta.

182.

Mulugeta is entitled to a recover from TAS, Rock-N-Taco, and Rock and Taco, jointly and severally, the reasonable value of the services she provided as a "Manager" for TAS, Rock-N-Taco, and Rock and Taco, in an amount to be determined at trial.

WHEREFORE, Mulugeta respectfully prays:

1.  That Mulugeta be awarded amounts to be determined at trial against all Defendants, jointly and severally, in unpaid minimum wages due under the FLSA, plus additional like amounts in liquidated damages;

2. That Mulugeta be awarded amounts to be determined at trial against all Defendants, jointly and severally, in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

3. That Mulugeta have and recover judgment against Defendants TAS, Rock-N-Taco, and Rock and Taco , jointly and severally, for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Mulugeta be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**_DeLong Caldwell Bridgers_**
**_Fitzpatrick & Benjamin, LLC_**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303          _/s/ Michael A. Caldwell_
(404) 979-3171                  Michael A. Caldwell
(404) 979-3170 (f)              Ga. Bar No. 102775
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com   _/s/ Charles R. Bridgers_
                                Charles R. Bridgers
                                Ga. Bar No. 080791


                                Counsel for Mulugeta