# [PROPOSED] SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT ("this Agreement") is made and entered into by and between MILCAH "MIMI" MULUGETA ("Plaintiff") and CHRISTOPHER HANCOCK AND BRADFORD HANCOCK (collectively referred to as "the Hancocks") (Plaintiff and the Hancocks are collectively referred to as the "Parties").

## W I T N E S S E T H

**WHEREAS**, Plaintiff is presently involved in litigation against the Hancocks and others in the United States District Court for the Northern District of Georgia, Civil Action No. 1:17-CV-03583-LMM; and

**WHEREAS**, the Parties want to settle fully and finally their disputes including the pending litigation;

**NOW, THEREFORE,** in consideration of the premises and mutual promises herein contained, it is agreed as follows:

1. Non-Admission of Liability or Wrongful Conduct.

This Agreement shall in no way be construed as an admission by the Hancocks that they have acted wrongfully with respect to Plaintiff or any other person, or that Plaintiff has any rights against the Hancocks. The Hancocks specifically disclaim and deny any liability to, or wrongful acts against, Plaintiff or any other person, on the part of themselves or their agents.

2. No Other Claims.

Plaintiff represents that she has not filed, nor assigned to others the right to file, nor are there pending, any complaints, charges, or lawsuits against the Hancocks with any governmental agency or any court, other than the lawsuit styled *Milcah "Mimi" Mulugeta v. TAS of Atlanta et al.*, Civil Action No. 1:17-CV-03583-LMM in the United States District Court for the Northern District of Georgia, and Plaintiff does not intend to assert further claims against the Hancocks related to her prior employment with Rock and Taco SS, LLC, or any other entity.

3. Consideration.

After Plaintiff provides the Hancocks with an executed original of this Agreement, or an executed copy of this Agreement transmitted by e-mail, and after the Court has reviewed and approved this Agreement, the Hancocks agree to pay to Plaintiff the gross sum of $63,500 (Sixty-Three Thousand Five Hundred and No/100 Dollars), allocated as set forth below and as requested by Plaintiff, in settlement of any and all claims she may have against the Hancocks:

    a. A check made payable to Plaintiff in the gross amount of Fourteen Thousand and No/100 Dollars ($14,000), half of which shall be allocated as alleged unpaid wages paid by a third-party payor, with the other half

allocated as liquidated damages. The Parties agree that this payment is in compromise and settlement of Plaintiff's claims for lost wages and liquidated damages. Applicable required deductions and withholding at the rate required by applicable IRS regulations shall be taken from this payment, and the Hancocks shall report the payment of liquidated damages on an Internal Revenue Service Form 1099 (Marked Box 3 other income) and shall report the payment of all taxes withheld to the Internal Revenue Service on an Internal Revenue Service Form 4219.

b. A check made payable to Charles R. Bridgers, Attorney, LLC, tax identification number 20-2927231, in the gross amount of Forty-Nine Thousand Five Hundred and No/100 Dollars ($49,500). The Parties agree that this payment is in compromise and settlement of Plaintiff's claims for attorneys' fees and costs and is not wages. No deductions or withholding shall be taken from this payment, and the Hancocks shall issue to Charles R. Bridgers, Attorney, LLC an Internal Revenue Service Form 1099-MISC for this payment.

The consideration amount was agreed to following several rounds of negotiation between the Parties' counsel, prior to which the Parties had engaged in written discovery, document production, depositions, and thorough summary judgment briefing. The factors the Parties evaluated in reaching their agreement include, but are not necessarily limited to, (1) the fact that if a jury or appellate court were to find that the Hancocks were not Plaintiff's employer, Plaintiff would recover nothing from the Hancocks, (2) the limited amount of time Plaintiff was alleged to have worked for the Hancocks, and (3) the number of hours Plaintiff estimates she worked. The Hancocks acknowledge that Plaintiff is not barred from pursuing her claims against the other current Defendants.

The matter was vigorously litigated by the Parties.

The Parties agree that this payment includes liquidated damages and is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and regulations applicable to the status of the Hancocks as "employers" under the FLSA.

The Parties attest that, pursuant to paragraph 3(b), above, Plaintiff's attorneys' fees will not be deducted from the payment to Plaintiff (*see* paragraph 3(a)) but, instead, will be paid separately to Plaintiff's attorneys.

4. Dismissal with Prejudice.

Subject to the Court's review and approval, and upon payment of the consideration provided for in paragraph 3, above, the Parties will file a Dismissal with Prejudice as to the Hancocks of the action presently pending in the United States District Court for the Northern District of Georgia, Civil Action No. 1:17-CV-03583-LMM.

5. <u>Knowing and Voluntary Waiver.</u>

Plaintiff affirms that she is signing this Agreement voluntarily and of her own free will.

6. <u>No Other Representations.</u>

Plaintiff represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representation or statement not set forth herein made by the Hancocks or by any of the Hancocks' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

7. <u>Choice of Law and Forum.</u>

Should either party to this Agreement bring legal action alleging that the other party has breached the Agreement, such litigation shall be filed in Georgia state court and decided under Georgia law.

8. <u>Severability.</u>

The provisions of this Agreement are severable, and if any part of this Agreement is found to be invalid or unenforceable, the other paragraphs shall remain fully valid and enforceable. This Agreement shall survive the termination of any arrangements contained herein.

9. <u>Consultation with Counsel; Time to Decide.</u>

The Hancocks recommend that Plaintiff consult with an attorney of her choosing before deciding whether to sign this Agreement. Plaintiff represents and agrees that she fully understands her right to discuss all aspects of this Agreement with her attorney and acknowledges that she has been given a reasonable period of time to consider whether she should sign this Agreement. She further states that the material terms of this Agreement have been negotiated by and through her legal counsel, Charles Bridgers of the firm DeLong Caldwell Bridgers Fitzpatrick Benjamin, LLC.

10. <u>Sole and Entire Agreement.</u>

This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

11. <u>Other Terms.</u>

This Agreement may be executed in any number of counterparts, which counterparts considered together shall constitute a single, binding, valid, and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile or by electronic mail as a .pdf file shall be deemed to be their original signatures for all purposes.

Executed this _19_ day of September 2019.

_____
Milcah "Mimi" Mulugeta

APPROVED AS TO FORM:

_____
Charles Bridgers
Attorney for Plaintiff

Executed this ___ day of September, 2019.

_____
Christopher Hancock

Executed this ___ day of September, 2019.

_____
Bradford "Brad" Hancock

4