# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MILCAH "MIMI" MULUGETA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | CIVIL ACTION FILE NO.: |
| | : | 1:17-cv-03583-LMM |
| TAS OF ATLANTA, LLC; ROCK AND TACO, INC.; PAUL YUWACHIT; CHRISTOPHER HANCOCK; AND JOHN BRADFORD "BRAD" HANCOCK, | : : : : : : | |
| | : | |
| DEFENDANTS. | : | |

## DECLARATION OF CHARLES R. BRIDGERS

Pursuant to 28 U.S.C. §1746, Attorney Charles R. Bridgers hereby submits his declaration in support of Plaintiff's Motion for Default Judgment as to Defendants TAS of Atlanta, LLC and Paul Yuwachit.

1.

My name is Charles R Bridgers. I am over the age of twenty-one (21) and suffer from no legal disabilities. I make the following Declaration based on my personal knowledge as well as the contemporaneous business records of my firm.

2.

I have been practicing law since my graduation, *cum laude*, from Georgia State College of Law in 1993. I am admitted in all state courts in Georgia, the United States District Court for the Northern and Middle Districts of Georgia, as well as the United States Court of Appeals for the Third, Sixth, and Eleventh Circuits. I have practiced employment law since approximately 1996 primarily in the Atlanta metropolitan area but also throughout the state of Georgia. I have been a presenter at several CLE sessions including, most recently, in September of 2016 where I presented a paper on Certification and Decertification of § 216(b) Collective Actions under the Fair Labor Standards Act. My practice began to focus on the Fair Labor Standards Act in 2009. I have served as counsel in over 200 FLSA cases (out of approximately 400 total cases in the Northern District of Georgia) since that time. I hold an AV rating in the Martindale-Hubble Law Directory.

3.

During my career, I have on several occasions represented employees in collective actions under the FLSA.  In 2014, I represented 36 warehouse workers who alleged they were misclassified as independent contractors in *Jamaal Foster, et al. v. A-1 Quality Labor Services, LLC,* 1:11-CV-3342-JEC.  That case resulted in a settlement of $400,000.  In 2013 and 2014 I represented 13 Fire Lieutenants and 2 Battalion Chiefs against the City of East Point who alleged that they were misclassified as exempt.  That settlement resulted in significant back pay and an

agreement to reclassify the Lieutenants and Battalion Chiefs as non-exempt. *Brandon Ervin, et al. v. City of East Point, Georgia,* 1:12-CV-04270-CAP.

4.

During my twenty-five plus years as an attorney, I have conducted eighteen jury trials as well as a number of bench trials. In August 2013, for instance, a jury awarded our five clients contractually owed severance pay and attorneys' fees and costs of approximately $500,000 in *Dr. Johnny Wilson, et al. v. Clark Atlanta University, Inc.,* Superior Court of Fulton County, Georgia, Civil File Action No. 2011-CV-196090. Other recent jury trials involving employment matters where I served as counsel include *Baker v. Baldwin Paving Company, Inc.*; 1:14-cv-03367-LMM (FLSA); *Nelson v. Jackson*; 1:14-cv-02851-ELR (ADA); *Sayyed v. Braids, Weaves & Things, Inc.*; 1:16-cv-01392-CAP (Title VII); and *Jackson v. P & K Restaurant Enterprise, LLC, et al*; 1:15-cv-00753-MHC (FLSA);

5.

Since January of 2018, along with the law firm of DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC I have represented the Plaintiff in this action. I shared primary responsibility with my law partner Michael A. Caldwell for prosecuting this matter.

6.

Our firm has a practice of keeping contemporaneous time and expense records as part of our regular business activity. Individual slips (or records of activities and

costs) are created by persons with knowledge of the activities described. The information is tracked in Timeslips, our time and billing software. I assign certain tasks to other attorneys and to our staff members. As such, I am generally aware of these timekeepers' activities. As part of my typical routine, I review time and billing records on a regular basis. A true and correct copy of the firms billing records for fees is attached hereto as Exhibit "A". A true and correct copy of the firm's billing records for costs is attached hereto as Exhibit "B". These records are an accurate representation of the time, effort, and costs incurred in prosecuting this matter.

7.

The following persons recorded billed time in this matter:

| Time Keeper | Position | Billable Rate |
|---|---|---|
| Charles R. Bridgers | Partner | $425 |
| Michael Caldwell | Partner | $425 |
| Mitchell D. Benjamin | Partner | $425 |
| Jessica Sorrenti | Paralegal | $165 |
| Sarah Toenes | Paralegal | $125 |

8.

Based on my extensive experience in litigating civil rights and labor and employment claims including the FLSA, I am familiar with the hourly rates

charged by other civil rights and labor and employment attorneys (and their staffs), including attorneys who represent primarily plaintiffs and attorneys who represent primarily employers.

9.

Consistent with the "lodestar" framework for analyzing attorney's fees claims mandated in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct 1933, 76 L.Ed.2d 40 (1983), as interpreted in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Perkins v. Mobile Housing Bd.,* 847 F.2d 735 (11th Cir. 1988), the following information is intended to establish the reasonableness of the number of hours expended in this case, as well as the reasonableness of my hourly rate in light of the prevailing market conditions in the Atlanta, Georgia geographical area.

10.

My hourly rate of $425 per hour is reasonable and in line with the rates charged by other attorneys in the Atlanta area who possess similar skill, experience and training. I now charge most of my new clients $425 per hour whether paid hourly or on a contingency fee basis and have done so since January of 2018. This rate was specifically approved in *Villa-Garcia v. Latin Mundo #2, Inc. et al.*, Civil Action No. 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018) (approving $425 for all partners, $325 for associate Matthew Herrington, $165 for senior paralegal Jessica Sorrenti, and $125 for paralegal Sarah Toenes) and has been implicitly

approved in numerous FLSA settlements as part of a settlement approval since that time.[1] Accord, e.g., *Smith, et.al. v. Childfirst 24 Hour Childcare, et.al.*, 1:18-cv-03786-WMR, NDGa, Dkt. 56: "the attorney's fees . . . are reasonable and customary;" *Haddock v. Jasper County, Georgia*, 5:18-cv-00292-MTT (MDGa, Dkt. 14)("[T]he attorneys' fees including the rates charged by counsel . . . are reasonable.")(See Id, Dkt. 13-1 for declaration providing information on identical rates for partners and paralegals in our firm); *Willis v. Nishi Dreams*, et.al. 1:19-CV-00986-AT (NDGa, Dkt. 17)(identical rates for attorneys and staff are "reasonable and customary").*Cooper, et.al., v. Parker Promotions, Inc*, Middle District of Georgia, 4:17-cv-00116-CDL, Dkt. 65 ("the attorneys' fees . . .") No court has ever determined that my rate of $425 per hour was unreasonable.

11.

Mr. Michael A. Caldwell's hourly rate of $425 is also reasonable. He is a 1971 graduate of Catholic University Law School in Washington D.C. He has practiced labor and employment law exclusively for over 45 years, over 40 of which have been in private law practice. He has represented, advised and litigated on behalf of employers ranging from multi-national corporations to small solely-owned proprietorships, in both the public and private sectors, as well as on behalf of individual employees and executives in matters relating to all aspects of labor and employment law. The matters he has handled have involved trials of cases in

---

[1] See, for example, *Smith, et.al. v. Childfirst 24 Hour Childcare, et.al.* 1:18-cv-03786-WMR, Dkt. 56: "the attorney's fees . . . are reasonable and customary."

federal and state courts arising under federal and state EEO laws, wage-hour laws, ERISA labor-management relations laws, arbitrations, negotiations, employment contract disputes.  He has been an active member of the Georgia Bar Association's Labor and Employment Law section and has served as its Chair, Secretary, and Treasurer as a member of its Board as well as the Editor in Chief of its Labor and Employment Law newsletter. He has been an instructor in Human Resources Law and Ethics at the Beebe Personnel Institute of Georgia State University Graduate Business School and currently teaches Human Resources Law as an adjunct professor at the Law Enforcement Command College of Columbus State University. He is thoroughly familiar with these laws, with the practice of labor and employment law, and with the customs, practices and standards applicable to lawyers who practice in this area of law including the rates charged by fellow practitioners for labor and employment law litigation and advice. He has been an "AV" Peer-rated (the highest level) attorney in the Martindale-Hubbell Law Directory for 20 years and has been designated as a "Georgia Super Lawyer" in the area of labor and employment law.

12.

In representing the Plaintiff, Mr. Caldwell and I also utilized the services of Ms. Jessica Sorrenti, senior paralegal. Ms. Sorrenti billed at a rate of $165 per hour. I am familiar with her backgrounds and skills. Ms. Sorrenti has worked as a paralegal for approximately twenty (20) years and with our firm over nine years.

She is fluent in Spanish and English.  As the primary responsible attorney in our firm for this case, I have directed and supervised her efforts in this matter.  Ms. Sorrenti's rate of $165 is reasonable for a person of her experience in Atlanta, Georgia See *Villa-Garcia v. Latin Mundo #2, Inc. et al.*, Civil Action No. 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018) (approving her rate at $165 per hour).

13.

In representing the Plaintiff, Mr. Caldwell and I also utilized the services of Ms. Sarah Toenes paralegal. Ms. Toenes billed at a rate of $125 per hour. I am familiar with her backgrounds and skills. Ms. Toenes has worked as a paralegal for approximately nine years.  As the primary responsible attorney in our firm for this case, I have directed and supervised her efforts in this matter.  Ms. Toenes rate of $125 is reasonable for a person of her experience in Atlanta, Georgia. See *Villa-Garcia v. Latin Mundo #2, Inc. et al.*, Civil Action No. 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018)(approving her rate at $125 per hour).

14.

As of the time that our reports were run in preparation for the Motion to Approve FLSA Settlement, Counsel had a total of $4,350.46 in tracked expenses  and $63,111.45 in tracked time  at hourly rates that have been previously approved in this District for a total of $67,461.91.

15.

I organized time billed (not expenses) into broad categories that reflect the phase of the litigation for both management, client budget, and fee application purposes. I have prepared a summary of those categories using the records of our firm. The categorization is reasonably accurate for providing an overview of the effort incurred during each phase of the litigation given the limitation that it is sometimes difficult to categorize an individual entry with 100 percent certainty.

| Phase of Litigation | Description | Amount Billed Per Phase and Percentage of Total Fees |
|---|---|---|
| 01-Intake | Initial meetings with clients; initial development of factual narrative, advice about the process of litigation, decision to proceed, explanation of DCBFB Client instructions and Retainer Agreement | $2,761.50 - 4.37% |
| 02-Complaint_ COIP_Service | Initial factual investigation; draft and revisions of Complaint; client review of Complaint; Certificate of Interested Persons | $5,093.50 – 8.06% |
| 03- Ans_Discl_JPR | Post-Answer activities, including creation and review of an interlineated comparison of Complaint & Answer, planning, preparation of Initial Disclosures; preparation of Joint | $2,826.25 – 4.47% |

|  | Preliminary and Discovery Report participation in Joint Preliminary Conference |  |
|---|---|---|
| 06-DamageEst | Damage Estimate: Efforts reviewing time and pay records to prepare an estimate of Plaintiff's damages | $1,643.33-2.60% |
| 07-Discovery_Wr | Efforts in preparing and responding to written discovery | $9,752.25-15.43% |
| 08-Subpoenas | Issuance and Response to Subpoenas for third party documents and trial witnesses (different from written discovery) | $295.50-.41% |
| 12-Depositions | Scheduling, noticing, preparing for and conducting depositions of a Rule 30(b)(6) representative and both individual defendant | $12,616.67-19.96% |
| 13-Motions | Motions including Motion to Approve FLSA settlement | $6,010.80-9.51% |
| 15-MSJ | All efforts related to motions for summary judgment including factual development, briefing, and similar activity | $11,528.58-18.24% |
| 16-Settlement | Efforts to resolve matter including negotiation and attempts to resolve attorney fee issues | $4,595.41-7.27% |
| 19-Trial and Trial Prep | Preparation in anticipation of Trial | $33.00-.05% |
| 26-Client Comm | General communication with client during scope of representation not otherwise categorized | $1,871.00-2.96% |

| 29-Misc | Miscellaneous Duties Related to Case, review of incoming correspondence, incoming orders, extensions, staff assignments | $4,059.66-6.42% |
| 30-Factual Development | Interviewing witnesses and reviewing facts not otherwise categorized | $170.00-.27% |

This chart was also presented in Plaintiff's Motion to Approve FLSA Settlement. [Dkt. 66]

16.

Based on my experience and training, I possess the requisite skills and knowledge to adequately represent my client and to offer my professional opinion concerning the reasonableness of the number of hours expended in this case and the reasonableness of the hourly rates sought to be recovered.

17.

The expenses and the effort incurred were reasonable to prosecute this matter and to obtain an excellent result for the Plaintiff. As demonstrated in attachments to this declaration, none of the hours expended by counsel or staff has been "excessive," "redundant" or "unnecessary." To the contrary, at every opportunity, Plaintiff's attorneys attempted to economize and to minimize expenses. As the Court will note, our staff members bill at different rates depending on their experience level. We attempt to assign tasks to the appropriate person to reduce the overall bill.

18.

In light of the factors specified in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir 1974), the total fees and costs as set out above is eminently reasonable.

19.

Assuming the Court approves the proposed FLSA settlement, the Hancocks will pay $47,500[2] in direct attorney's fees and costs. As noted above, Plaintiff has incurred a total of $4,350.46 in tracked expenses plus $63,111.45 in tracked time for a total of $67,461.91. This results in a shortfall for attorneys' fees and costs of $19,961.91 from the amount incurred.

20.

During the litigation, Plaintiff's efforts to prosecute her suit and determine the extent of her damages was greatly complicated and made more expensive by the refusal of TAS and Yuwachit to participate in this suit because Ms. Mulugeta could not obtain records nor could she gather information from TAS and Yuwachit. When she sought information from the Hancocks, I was told by their counsel that the Hancocks had no substantive records and could not respond substantively to discovery because Yuwachit was non-cooperative.

---

[2] The Court will note the total paid to counsel in the Settlement Agreement is $49,500. The additional $2,000 to counsel is based on a separate contractual arrangement with their client.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of September 2019.

                                          *s/ Charles R. Bridgers*
                                          Charles R. Bridgers
                                          Georgia Bar No. 080791