IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **MILCAH "MIMI" MULUGETA,**<br><br>**Plaintiff,**<br>vs.<br><br>**TAS OF ATLANTA, LLC et al.,**<br>**Defendants.** | Civil Action No. 1:17-cv-3583-LMM |

**BRIEF IN RESPONSE TO THE COURT'S ORDER [DKT. 72] OF NOVEMBER 27, 2019**

Plaintiff Mimi Mulugeta submits the following Brief pursuant to the Court's Order, Dkt. 72, of November 27, 2019, regarding Plaintiff's Motion for Default Judgment. Dkt. 67, showing the Court as follows:

In its Order, the Court sought additional briefing by Plaintiff on two issues:

1. Can a settling and a non-settling party be held jointly and severally liable for attorney's fees? See Walker v. U.S. Dep't of Hous. and Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (holding that attorney's fees can be awarded jointly and severally only when award is equitable). Does joint and several liability apply to the entirety of a reasonable attorney's fee award, even when counsel spent a portion of its time negotiating settlement for one party? See Rodriguez v. Mech. Tech. Servs., Inc., No. 1:12-CV-710-DAE, 2015 WL 8362931, at *4 (W.D. Tex. Dec. 8, 2015) (reducing attorneys' fees owed by non-settling defendants for time spent negotiating with settling defendants). If attorney's fees are not joint and several, please provide a breakdown of the fees incurred as to these Defendants.

2. Will counsel receive 25% of Plaintiff's liquidated damages award from the Court's default judgment against TAS and Yuwachit. If so, and in if the Court awards $19,961.19 in attorney's fees and costs, will

>counsel's recovery exceed an amount greater than $67,461.91? See Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("[T]he determination fo a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." (quotation marks omitted)). If counsel's fee is to be greater than the actual fee incurred, please provide a justification for that larger recovery.

Dkt. 72, pg. 7.

1. **QUESTION ONE**

The Eleventh Circuit has stressed that, "[i]n cases where two or more defendants actively participated in a . . . violation, it will frequently be appropriate to hold all defendants jointly and severally liable for the attorney's fees." *Council for Periodical Distribs. Assos. v. Evans*, 827 F.2d 1483, 1487 (11th Cir. 1987). At the same time, district courts enjoy wide discretion as to *when* to apportion fees and *how* to do so. *Id.* (outlining the "many possible methods and theories with which to apportion fees").

That general principal is further complicated, by the Supreme Court's holding in *McDermott, Inc. v. Amclyde*, requiring proportionate allocation of fee awards when one parties settles and another does not:

>. . . the proportionate share rule announced in this opinion applies when there has been a settlement. In such cases, the plaintiff's recovery against the settling defendant has been limited not by outside forces, but by its own agreement to settle. Just as the other defendants are not entitled to a reduction in liability when the plaintiff negotiates a generous settlement . . . so they are not required to shoulder disproportionate liability when the plaintiff negotiates a meager one.

*McDermott, Inc. v. Amclyde*, 511 U.S. 202, 221, 114 S. Ct. 1461, 1471–72 (1994) ("[t]he money paid extinguishes any claim that the injured party has against the released tortfeasor and also diminishes the claim that the injured party has against the other tortfeasors by the amount of the equitable share of the obligation of the released tortfeasor."). Exactly how the proportionate share should be calculated is subject to the District Court's previously mentioned discretion according to any of the "many possible methods" previously discussed. Ultimately, the decision is one of equity. *Walker v. United States HUD*, 99 F.3d 761, 772 (5th Cir. 1996) ("if joint and several liability leads to inequitable results, it is reversible."); *see also United States v. Patrol Servs., Inc.*, 202 F. App'x 357, 362 (11th Cir. 2006) ("The district court has wide discretion as to when to apportion fees and how to divide liability, and in exercising that discretion should try to achieve the most fair and sensible solution possible.").

Plaintiff would first note that, as she explained in her motion for default judgment, there is no overlap in the liability of the defaulting Defendants and the settling Defendants in this case with respect to unpaid wages. The unpaid wages attributable to Yuwachit and TAS do not constitute any part of the Hancock's wage liability. There should thus be no concern regarding the Defendants' relative culpability or the respective share of damages attributable to each.

While the defaulting Defendants did not participate in the litigation and thus a large portion of the fees incurred are not directly attributable to them, the

significance of that fact is mitigated by the fact that, as Plaintiff's counsel previously noted, the litigation was made much more difficult because of the refusal of Yuwachit and TAS to respond to discovery requests. The scope of discovery and the efforts required to calculate damages would undoubtedly have been much smaller had Yuwachit and TAS appeared and defended, or—at a minimum—not evaded Plaintiff's attempts to serve them with deposition subpoenas.

While it is impossible to determine exactly what attorney's fees and costs would have been incurred if only TAS and Yuwachit had been defendants in this action, Plaintiff proposes that the following allocation of fees to the defaulting Defendants is appropriate and equitable, neither punishing or rewarding them for the settlement reached with the Hancocks:

| $2,761.50 | For efforts undertaken in client intake. [1] |
| $5,094.50 | For efforts related to the drafting and filing of the complaint as well as initial documents.[2] |

---

[1] See Declaration of Charles R. Bridgers, Dkt. 67-2, p.9, listing the amount of fees incurred for the "intake" phase of the case.
[2] See Id., Dkt. 67-2, p.9, listing the amount of fees incurred for the "Complaint_COIP_Service" phase of the case.

| | |
|---|---|
| $1,643.33 | For efforts related to reviewing time and pay records and preparing an estimate of Plaintiff's Damages.[3] |
| $445.50 (slip id 138462)<br>$379.50 (slip id 138541)<br>$247.50 (slip id 138542)<br>$1,317.50 (slip id 138558) | For the drafting of motions and supporting documents connected to default judgment |
| $200 | ½ of $400 filing fee.[4] |
| $347.50 | ½ of initial service fee.[5] |
| | |
| $12,436.84 | |

Given the additional authority regarding the equitable allocation of attorneys' fees in a default situation, Plaintiff amends her request and seeks $12,436.84 in attorneys' fees and costs in this default. This $12,436.84 is conservative and gives all benefit of the doubt to Yuwatchit and TAS.  A fee award of $12,436.84 against Yuwachit and TAS will result in total attorney's fees and costs recovered in this action of $61,936,83  (including the 25 percent of liquidated damages approved in

---

[3] See Id., Dkt. 67-2, p.10, listing the amount of fees incurred for the "DamageEst" phase of the case.
See Exhibit A to Declaration of Charles R. Bridgers, Dkt. 71-1, pp. 42,43 for slip listings related to the motion for default judgment.
[4] See Exhibit B to Declaration of Charles R. Bridgers, Dkt. 71-2, "filing fee."
[5] See Id. Dkt. 71-2, "service fee." This amount is somewhat approximate because of a lack of records as to the exact amounts for service on each party.

the settlement) which is less than the $67,461.91[6] actually incurred. This amount also excludes the significant additional fees incurred conducting research for and drafting the present brief.

**Question Two**

As the Court will recall, Plaintiff initially chose to have undersigned counsel advance costs in this matter—with no recourse to Plaintiff in the event the litigation was not successful—in exchange for paying 25% of liquidated damages as additional attorneys' fees. [7] Undersigned counsel believes this contractual term is reasonable and of benefit to a cash-strapped potential plaintiff. To some extent, the outcome of this matter demonstrates the financial risks taken by Plaintiff and her counsel in that—even assuming Plaintiff can ever collect against TAS and Yuwatchit after undoubtably expending additional effort and money— the amount recovered will be less than the actual efforts incurred. Regardless, undersigned counsel will not seek to enforce the 25% percentage term given the complexity of the fee allocation here and a sincere desire not to consume any more judicial resources than necessary.

---

[6] See Dkt. 66, p. 11. $49,500 + $12,436.84 = $61,936.83l
[7] Assuming that a Plaintiff meets her or his obligations such as candor, responsiveness, etc.

Respectfully submitted, this 6th day of December, 2019

|  |  |
|---|---|
|  | **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC** |
|  | */s/ Charles R. Bridgers* |
| 2650 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street, NW | Georgia Bar No. 080791 |
| Atlanta, Georgia 30303 | Michael Caldwell |
| (404) 979-3150 Telephone | Georgia Bar No. 102775 |
| (404) 979-3170 Facsimile |  |
| charlesbridgers@dcbflegal.com | Counsel for Plaintiff |
| michaelcaldwell@dcbflegal.com |  |

## **CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1 NDGa, the undersigned attorney certifies that the foregoing motion was prepared with Time New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1C NDGa.

                                                  */s/ Charles R. Bridgers*
                                                  Charles R. Bridgers
                                                  Georgia Bar No. 080791

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **MILCAH "MIMI" MULUGETA,**<br><br>**Plaintiff,**<br>**vs.**<br>**TAS OF ATLANTA, LLC et al.,**<br>**Defendants.** | Civil Action No. 1:17-cv-3583-LMM |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing document with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service thereof upon all counsel of record.

Dated: December 6, 2019

                                                  */s/ Charles R. Bridgers*
                                                  Charles R. Bridgers
                                                  Georgia Bar No. 080791